UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Stephanie L. Sistrat,
and other similarly situated individuals,

      Plaintiff (s),

v.

Elite Auto Services of Orlando, LLC,

      Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

COMES NOW the Plaintiff Stephanie L. Sistrat, by and through the undersigned counsel, on behalf of herself and other similarly situated hereby sues Defendant Elite Auto Services Of Orlando, LLC, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1337, and under the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 (b) for jurisdictional placement) (the "FLSA," or "the Act").

2. Plaintiff Stephanie L. Sistrat (hereinafter Stephanie L. Sistrat, or Plaintiff) is a resident of Orange County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Elite Auto Services Of Orlando (hereinafter Elite Auto Services, or Defendant) is a Florida corporation doing business in Orlando, Florida, within the jurisdiction of this Court. At all times, Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in Orange County, FL, within the jurisdiction of this Court.

<u>Factual Allegations</u>

5. This cause of action is brought by Plaintiff Stephanie L. Sistrat as a collective action to recover from Defendant regular wages, overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "Act") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks after August 2019, ("the material time").

6. Corporate Defendant Elite Auto Services is a towing and auto repair company operating 24/7 roadside assistance in Orlando, Orange County,

Florida. Elite Auto Services has locations in Ohio, Pennsylvania, and North Carolina.

7.  Defendant Elite Auto Services employed Plaintiff Stephanie L. Sistrat as a non-exempted, full-time employee from on or about August 21, 2019, through approximately August 18, 2021, or 104 weeks.

8.  Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver, dispatcher, and roadside service technician.

9.  Plaintiff worked out of Defendant's yard located at 3956 Silver Star Road, Orlando, FL 32808. Plaintiff performed her work within the area of Orange County.

10. While employed by Defendant, Plaintiff was paid on a "commissions only" payment plan with an established commission settlement period of 1 week.

11. Defendant set a fixed "commission" of 44% for each service performed by Plaintiff. Plaintiff did not receive other compensation besides her commissions.

12. During her employment with Defendant, Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week, from Thursdays to Mondays, from 6:00 AM to 8:00 PM (14 hours each day). Sometimes, Plaintiff finished her duties later than 8:00 PM. Thus, Plaintiff worked a minimum average of 70 hours weekly. Plaintiff was unable to take bonafide lunch periods.

13. Plaintiff worked regularly and consistently a minimum of 70 hours weekly. Plaintiff was paid entirely by commissions, and she was not paid for overtime hours.

14. From August 21, 2019, to March 31, 2020, or 32 weeks, Plaintiff earned an average of $750.00 in commissions.

15. After the COVID-19 pandemic began, on or about April 01, 2020, Plaintiff's commissions were reduced, and she earned an average of $550.00 weekly.

16. However, Plaintiff was not a saleswoman, and she did not sell anything; she was just a tow truck driver, dispatcher, and roadside service technician. Thus, the minimum wage and overtime sales exemption for commissioned employees Section 13 (a) (1) of the FLSA did not apply.

17. During her employment with Defendant, there were too many weeks in which Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 70 hours worked did not exceed one time and one-half times the applicable minimum wage, for every hour worked in a workweek.

18. As a result, the conditions of the overtime exemption of Section 7(i) have not been met, and Section 7(i) exemption is not applicable. Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half her regular pay rate. Plaintiff is owed overtime wages for the years 2019, 2020, and 2021.

19. Furthermore, during the relevant employment period, Plaintiff earned commissions only, and she was not paid minimum wages for every hour worked as required by the FLSA. Defendant has not met the minimum wage requirements of Section 13(a)(1), and Plaintiff is entitled to recover also minimum wages for every hour worked during the relevant employment period. Plaintiff is owed minimum wages for the years 2019, 2020, and 2021.

20. Regardless of Defendant's payment plan arrangements, Plaintiff was a non-exempted employee working 70 hours per week. Accordingly, Plaintiff was entitled to be paid at least minimum wages for every hour worked and overtime wages at the rate of time and one-half her regular rate for every hour worked over 40 in a week, as required by the Fair Labor Standard Act.

21. Plaintiff did not clock in and out, but Defendant was able to monitor the hours worked by Plaintiff and other similarly situated individuals.

22. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). Defendant also willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

23. Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid, as required by the FLSA. Thus, Defendant cannot substantiate that all conditions for the exemptions have been met.

24. **Plaintiff was paid bi-weekly by direct deposits, and her paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.**

25. On or about August 18, 2021, Plaintiff leave her employment with Defendant to pursue better employment opportunities.

26. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § § 201-209. Plaintiff and those similarly situated employees performed services and labor for Defendant.  Defendant made no provision to pay Plaintiff and other employees in the asserted class the compensation to which they were lawfully entitled to all the regular and overtime hours worked within a workweek.

27. Defendant engaged in a widespread pattern and practice of violating the Fair Labor Standards Act, as described in this Collective Action Complaint.

28. Plaintiff Stephanie L. Sistrat seeks to recover unpaid minimum wages and overtime wages for every hour above 40 that she worked, liquidated damages, and any other relief as allowable by law.

29. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Collective Action Allegations</u>

30. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

31. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

32. The asserted class for this collective action includes all current and former tow-truck drivers, dispatchers, former employees similarly situated to Plaintiff, performing non-exempted duties, at all premises of Elite Auto Services, in furtherance of the business of Defendant, and who worked more than forty hours (40) during one or more weeks within the material time,

without being paid minimum wages and overtime hours at the rate of time and one-half their regular rate ("the overtime rate"), pursuant the FLSA.

33. The material time for the claims, in this case, is the three-year period (3 years) prior to the date of each Plaintiff or each similarly situated individuals joining this action, as tolled or extended by the equity of by law.

<u>COUNT I:</u>
<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>
<u>FAILURE TO PAY OVERTIME</u>

34. Plaintiff Stephanie L. Sistrat re-adopts every factual allegation stated in paragraphs 1-33 above as if set out in full herein.

35. This cause of action is brought by Plaintiff as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

36. The Employer Elite Auto Services was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

37. Plaintiff was employed by an enterprise engaged in interstate commerce. Through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

38. Defendant Elite Auto Services employed Plaintiff Stephanie L. Sistrat as a non-exempted, full-time employee from on or about August 21, 2019, through approximately August 18, 2021, or 104 weeks.

39. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver, dispatcher, and roadside service technician.

40. While employed by Defendant, Plaintiff was paid on a "commissions only" payment plan with an established commission settlement period of 1 week.

41. Defendant set a fixed "commission" of 44% for each service performed by Plaintiff. Plaintiff did not receive other compensation besides her commissions.

42. During her employment with Defendant, Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week, a minimum average of 70 hours weekly. Plaintiff was unable to take bonafide lunch periods.

43. Plaintiff worked regularly and consistently a minimum of 70 hours weekly. Plaintiff was paid entirely by commissions, and she was not paid for overtime hours.

44. From August 21, 2019, to March 31, 2020, or 32 weeks, Plaintiff earned an average of $750.00 in commissions.

45. After the COVID-19 pandemic began, on or about April 01, 2020, Plaintiff's commissions were reduced, and she earned an average of $550.00 weekly.

46. However, Plaintiff did not meet the requirements for any FLSA overtime exemption. Plaintiff was not a saleswoman, and she did not sell anything. Plaintiff was a tow truck driver, dispatcher, and roadside service technician. Thus, the overtime sales exemption for commissioned employees Section 13 (a) (1) of the FLSA did not apply.

47. In addition, Plaintiff's total earned commissions attributed to the pay period (1 week) divided by the 70 hours worked did not exceed one time-and-a-half the applicable minimum wage.

48. As a result, the conditions of the overtime exemption of Section 7(i) have not been met, and Section 7(i) exemption is not applicable. Plaintiff must be paid an overtime premium for all hours worked over 40 in a workweek, at the overtime rate of time and one-half her regular pay rate. Plaintiff is owed overtime wages for the years 2019, 2020, and 2021.

49. Plaintiff did not clock in and out, but Defendant was able to monitor the hours worked by Plaintiff and other similarly situated individuals.

50. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

51. **Plaintiff was paid bi-weekly by direct deposits, and her paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.**

52. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees

should be in the possession and custody of Defendant. However, Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid, upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

53. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

54. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

 *Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as discovery could dictate.
 *Florida's minimum wage is higher than the federal minimum wage. As Per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid O/T wages:

      Forty-Three Thousand Three Hundred Nine Dollars and 80/100 ($43,309.80)

   b. Calculation of such wages:

      Total period of employment:  104 weeks
      Total relevant weeks: 104 weeks
      Total hours worked: 70 hours weekly

Total O/T hours:  30 O/T hours weekly
Total unpaid O/T hours: 30 O/T hours.

**1.- Overtime from 08/21/2019 to March 31, 2020, or 32 weeks**

Relevant weeks:  32 weeks
Unpaid O/T hours: 30 O/T hours.
Paid Commissions: $750.00 weekly average:70 hours=$10.72
Regular rate: $10.72 x 1.5=$16.08
O/T rate: $16.08 an hour

O/T rate $16.08 x 30 O/T hours=$482.40 weekly x 32 weeks=$15,436.80

**2.- Overtime from 04/01/2020 to August 18, 2021, or 72 weeks**

Relevant weeks:  72 weeks
Unpaid O/T hours: 30 O/T hours.
Paid Commissions: $550.00 weekly average: 70 hours=$7.86

    i.   Overtime from 04/01/2020 to 12/31/2020=39 weeks
        Florida minimum wage 2020: $8.56 x 1.5=$12.84
        O/T rate: $12.84 an hour

O/T rate $12.84 x 30 O/T hours=$385.20 weekly x 39 weeks=$15,022.80

    ii.  Overtime from 01/01/2021 to 08/18/2021=33 weeks
        Florida minimum wage 2021: $8.65 x 1.5=$12.98
        O/T rate: $12.98 an hour

O/T rate $12.98 x 30 O/T hours=$389.40 weekly x 33 weeks=$12,850.20

Total #1, and #2: $43,309.80

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

55. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, no provision was made by the Defendant to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

56. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

57. Defendant Elite Auto Services willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

58. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred

attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Stephanie L. Sistrat and those similarly situated respectfully requests that this Honorable Court:

A. An order, at the earliest possible time, allowing Plaintiff to give notice of this collective action to all tow truck drivers and all similarly situated employees who are presently, or have at any time from August 2019, up through and including the date of this Court's issuance of Court-Supervised Notice worked at Elite Auto Services (or that the Court issue such notice). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff Stephanie L. Sistrat and other similarly situated individuals and against the Defendant Elite Auto Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

C. Award Plaintiff Elite Auto Services actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiff Stephanie L. Sistrat and those similarly situated demand trial by a jury of all issues triable as of right by jury.

<u>**COUNT II:**</u>
<u>**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>

59. Plaintiff re-adopts every factual allegation stated in paragraphs 1-33 of this Complaint as if set out in full herein.

60. The Employer Elite Auto Services was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a towing company that has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from

non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employers/Defendant was always more than $500,000 per year. Therefore, there is enterprise coverage.

61. Plaintiff was employed by an enterprise engaged in interstate commerce and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working with goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

62. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

63. Defendant Elite Auto Services employed Plaintiff Stephanie L. Sistrat as a non-exempted, full-time employee from on or about August 21, 2019, through approximately August 18, 2021, or 104 weeks.

64. Plaintiff was hired as a non-exempted employee to perform non-exempted work as a tow truck driver, dispatcher, and roadside service technician.

65. While employed by Defendant, Plaintiff was paid on a "commissions only" payment plan with an established commission settlement period of 1 week.

66. Defendant set a fixed "commission" of 44% for each service performed by Plaintiff. Plaintiff did not receive other compensation besides her commissions.

67. Plaintiff had a mandatory, regular schedule. Plaintiff worked 5 days per week, a minimum average of 70 hours weekly. Plaintiff was unable to take bonafide lunch periods.

68. Plaintiff worked regularly and consistently a minimum of 70 hours weekly. Plaintiff was paid entirely by commissions, and she was not paid regular wages at any rate, not even at the minimum wage rate, as required by law.

69. From August 21, 2019, to March 31, 2020, or 32 weeks, Plaintiff earned an average of $750.00 in commissions.

70. After the COVID-19 pandemic began, on or about April 01, 2020, Plaintiff's commissions were reduced, and she earned an average of $550.00 weekly.

71. However, Plaintiff did not meet the requirements for any FLSA minimum wage exemption. Plaintiff was not a saleswoman, and she did not sell anything. Plaintiff was a tow truck driver, dispatcher, and roadside service technician. Thus, the minimum wage exemption for commissioned employees Section 13 (a) (1) of the FLSA did not apply.

72. During her entire employment period, Plaintiff earned commissions only, and she was not paid minimum wages for every hour worked as required by the FLSA.

73. Defendant has not met the minimum wage requirements of Section 13(a)(1), and Plaintiff is entitled to recover minimum wages for every hour worked during the relevant employment period.

74. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA. Plaintiff is owed minimum wages for the years 2019, 2020, and 2021.

75. Plaintiff did not clock in and out, but Defendant was able to monitor the hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

77. Plaintiff was paid weekly by direct deposits, and her paystubs did not show the number of days and hours worked, the percentage of commissions paid, etc. Plaintiff's paystubs showed a fictitious number of hours worked and a fictitious wage rate.

78. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid, upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

79. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

80. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages:</u>

Thirty-Five Thousand Six Hundred Fifty-Two Dollars and 60/100 ($35,652.60)

b. <u>Calculation of such wages:</u>

Total period of employment:  104 weeks
Total relevant weeks: 104 weeks
Total number of unpaid hours: 40 hours weekly

1.- Minimum wages from 08/21/2019, to 12/31/019=19 weeks

Relevant weeks:  19 weeks
Unpaid hours: 40 hours weekly.
Fl Minimum wage 2019: $8.46

$8.46 x 40 hours=$338.40 weekly x 19 weeks=$6,429.60

2.- Minimum wages 2020 = 52 weeks
Relevant weeks:  52 weeks
Unpaid hours: 40 hours weekly.
Fl Minimum wage 2020: $8.56

$8.56 x 40 hours=$342.40 weekly x 52 weeks=$17,804.80

3.- Minimum wages 2021= 33 weeks
Relevant weeks:  33 weeks
Unpaid hours: 40 hours weekly.
Fl Minimum wage 2021: $8.65

$8.65 x 40 hours=$346.00 weekly x 33 weeks=$11,418.00

Total #1, #2, and #3:  $35,652.60

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage rate.

81. Defendant unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wage violations accumulated during her relevant time of employment.

82. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages.

83. Defendant Elite Auto Services willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

84. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Stephanie L. Sistrat respectfully requests that this Honorable Court:

A. An order, at the earliest possible time, allowing Plaintiff to give notice of this collective action to all tow truck drivers and all similarly situated employees who are presently, or have at any time from August 2019, up through and including the date of this Court's issuance of Court-

Supervised Notice worked at Elite Auto Services (or that the Court issue such notice). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Enter judgment for Plaintiff and against the Defendant Elite Auto Services based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiff Stephanie L. Sistrat and those similarly situated demand trial by a

jury of all issues triable as of right by jury.

DATED: November 16, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*